**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Morrow, | No. CV-23-00642-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial by the Social Security Administration of Plaintiff Matthew Morrow's application for Title II disability insurance benefits and Title XVI supplemental security income benefits under the Social Security Act. Plaintiff filed a complaint (Doc. 1) with the Court seeking review of her claim. The Court has reviewed the briefs (Docs. 12, 14, 15) and the administrative record (Docs. 8, 9 "A.R."), and now affirms the Administrative Law Judge's ("ALJ") decision.

## I. BACKGROUND

Plaintiff filed an application for benefits on December 12, 2019, for a period of disability beginning on June 1, 2016. (A.R. at 296-306, 318-22.) Plaintiff's claims were initially denied on July 9, 2020 (*id.* at 75, 90), and upon reconsideration on September 4, 2020 (*id.* at 172-180). Thereafter, Plaintiff filed a request for a hearing which was held before the ALJ on February 16, 2022. (*Id.* at 31-59.) On March 29, 2022, the ALJ dismissed the Plaintiff's claims. (*Id.* at 13-23.) Plaintiff subsequently filed a request for review, which was denied on February 17, 2023. (*Id.* at 1-3.) Plaintiff now seeks judicial review with this

Court pursuant to 42 U.S.C. § 405(g).

The Court has reviewed the record and will discuss the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability claim based on the following severe impairments: cervical spondylosis status post fusion, thoracic and lumbar spondylosis, and obesity. (A.R. at 17.)

The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 18.) Next, the ALJ determined Plaintiff's residual functional capacity ("RFC").[1] The ALJ found:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR [§] 404.1567 and [§] 416.976(a) except the claimant can lift and carry ten pounds occasionally and frequently, stand and walk for three hours in an eight-hour day, and sit for six hours in an eight-hour day. The claimant can occasionally climb ramps and stairs, but never climb ladders or scaffolds. The claimant is limited to rarely push and pull with both lower extremities. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to extreme temperatures, wetness, vibration, fumes, odors, dusts, gases, and even moderate exposure to hazards.

(*Id.* at 18.) Based on this RFC, the ALJ found Plaintiff could perform past relevant work as a telephone solicitor. (*Id.* at 22-23.) Consequently, the ALJ concluded that Plaintiff was not disabled under §§ 261(i) and 223(d) of the Social Security Act. (*Id.* at 23.)

## II.    LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495

---

[1] Residual functional capacity refers to the most a claimant can still do in a work setting despite his or her limitations. 20 C.F.R. § 404.1545(a)(1).

F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the entire record. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the entire record and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* (citation omitted). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted). The substantial evidence threshold "defers to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill*, 587 U.S. —, 139 S. Ct. 1148, 1157 (2019); *see also Thomas v. CalPortland Co.*, 993 F.3d 1204, 1208 (9th Cir. 2021) (noting substantial evidence "is an extremely deferential standard").

To determine whether a claimant is disabled, the ALJ follows a five-step process. 20 C.F.R. §§ 404.1520(a), 416.920(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i), (b); § 416.920(a)(i), (b). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 404.1520 (a)(4)(ii), (c); § 416.920(a)(ii), (c). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii), (d); § 416.920(a)(iii), (d). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. *Id.* § 404.1520(a)(4)(iv), (e); § 416.920(a)(iv), (e). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other work in the national economy

based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v), (f); § 416.920(a)(v), (f). If not, the claimant is disabled. *Id.*

## III.    DISCUSSION

Plaintiff raises two issues before the Court. First, Plaintiff argues the ALJ erred by rejecting the opinion of Plaintiff's primary care physician, Joseph Alia, D.O., without substantial evidence. (Doc. 12 at 1.) Second, Plaintiff argues the ALJ erred in rejecting his symptom testimony. (*Id.* at 13.)

### A.    Medical Opinion Evidence

Plaintiff argues that the ALJ's determination that Dr. Alia's assessments of ability to perform work-related activities was unsupported by substantial evidence. (Doc. 12 at 13.) The Court disagrees.

In 2017, the Commissioner revised the regulations for evaluating medical evidence for all claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). Because Plaintiff filed her claim after the effective date, the revised rules apply. (A.R. 27.) Unlike the old regulations, the revised rules do not require an ALJ to defer to the opinions of a treating physician nor assign every medical opinion a specific evidentiary weight. 20 C.F.R. §§ 404.1520c(a), 416.920c(a); *see also Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (requiring an ALJ to provide "specific and legitimate reasons" supported by substantial evidence in the record when rejecting a treating physician's opinion).

The revised rules instead require the ALJ to consider all opinion evidence and determine the persuasiveness of each medical opinion's findings based on factors outlined in the regulations. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(c)(1)-(2). The most important factors ALJs consider are "consistency" and "supportability." 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability focuses on evidence intrinsic to the medical opinion, requiring adjudicators to look at the relevance of the objective medical evidence and explanations cited as support for the physician's medical opinion. *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1). In contrast, consistency focuses on evidence extrinsic

to the medical opinion, requiring adjudicators to compare consistency of the opinion to other evidence in the record. *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2). The ALJ can, to a lesser degree, consider other factors such as the length and purpose of the treatment relationship, the kinds of examinations performed, and whether the medical source personally examined the claimant. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Recently, the Ninth Circuit held that the revised rules intended to abrogate its precedent requiring ALJs to provide "specific and legitimate reasons" for rejecting a treating physician's opinion. *Id.* Nevertheless, "[e]ven under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Id.* Therefore, an ALJ, "must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how it considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. § 404.1520c(b), (b)(2)) (internal citations omitted)).

Dr. Alia completed a "medical assessment of ability to do work-related physical activities" first on June 14, 2021, and again on December 23, 2021. (A.R. at 1228-29; 1321-22.) Dr. Alia's two assessments are not entirely consistent, but, in broad strokes, the assessments indicate that Plaintiff is not able to sit, stand, or walk for the duration of the workday. (*Id.*) In addition, the assessments indicate that Plaintiff must alternate positions, is limited in ability to use the upper and lower extremities and cannot lift or carry more than thirty pounds. (*Id.*)

The ALJ's finding that Dr. Alia's medical opinion is unpersuasive is supported by substantial evidence. Though the discussion is sparse, the ALJ addresses both the supportability and consistency factors.

First, the ALJ addresses supportability by noting that Dr. Alia's assessments were inconsistent with other examinations, which did not document "[discomfort] with sitting

1  for prolonged periods,[2] gait instability, or reduced strength of the bilateral extremities."

2  (A.R. at 21.) In making this finding, the ALJ cites to several of Dr. Alia's own records

3  which did not document the same difficulties or deficits which find their way into Dr. Alia's

4  assessments of ability to perform work related activities. (A.R. at 21 (citing A.R. 680-85,

5  1231-49,1331-43).) Internal inconsistency within a physician's records is a permissible

6  basis discounting that doctor's opinion under the supportability factor. *See, e.g.*, *Michael*

7  *B Wallace v. Comm'r of Soc. Sec. Admin.*, No. CV-22-00971-PHX-DWL, 2023 WL

8  6389370, at *6 (D. Ariz. Sept. 30, 2023).

9         Plaintiff argues that "[a] lack of findings of gait instability and reduced strength of

10  the bilateral lower extremities . . . does not negate Dr. Alia's limitations based on

11  [Plaintiff's] cervical spinal cord impairments." (Doc 12 at 14.) Dr. Alia's June 14, 2021

12  and December 23, 2021 assessments include limitations that suggest Plaintiff struggles

13  with sustained sedentary work and basic mobility. Whatever the cause, one would

14  reasonably expect some consistent documentation in the record indicating that Plaintiff

15  experienced those difficulties. Referring to particular medical criteria, the ALJ noted a lack

16  of evidence that Plaintiff indeed had difficultly sitting or walking which, when compared

17  with Dr. Alia's later assessments, amounted to an inconsistency. The inference the ALJ

18  drew from the record was not the only permissible inference. Yet, it was not a mistaken

19  inference, and where evidence is susceptible to more than one rational interpretation, the

20  ALJ's conclusion must be upheld. *Shaibi v. Berryhill*, 883 F.3d 1102,1107 (9th Cir. 2017).

21         The ALJ then addressed the consistency factor by noting that "Dr. Alia's

22  examinations of limited range of motion of the claimant's neck and back with tenderness

23  is incongruent with other examinations, which show normal range of motion and no noted

---

[2] The Court notes and corrects a probable typographical error in the ALJ's opinion. Including the proceeding sentence, the ALJ's opinion reads, "[f]or example, Dr. Alia found that the claimant was limited to sitting a maximum of two hours . . . and that he must alternate between sitting, standing, or walking every twenty-one to sixty minutes . . . [t]his opinion is considerably inconsistent with examinations, which do not demonstrate *comfortability sitting* . . . ." (A.R. at 21 (emphasis added)). The ALJ intended to contrast Dr. Alia's assessments with other records. Therefore, context suggests that the ALJ meant to indicate that prior records fail to demonstrate a lack of comfortability sitting, or, put more clearly, a lack of discomfort sitting.

tenderness." (A.R. at 21.) The ALJ cited a plethora of medical records to demonstrate the contradiction. (*Id.* (citing A.R. at 1133-1228, 1231-49, 1259-63).) Many of the records are in fact inconsistent. For instance, even when documenting neck pain, several medical records simultaneously documented that Plaintiff had no neck stiffness or tenderness. (*See e.g.*, A.R. at 1157, 1162, 1167.) The ALJ did overstate the inconsistency to some extent. The ALJ cited one medical record of a new patient visit from August 3, 2021, which noted limited range of motion of the head and neck. (A.R. at 21 (citing 1259-63).) Plaintiff also points to several other instances in the record where Plaintiff's examinations are consistent with Dr. Alia's opinion. (Doc. 12 at 17.) Although the record is more equivocal on neck tenderness and range of motion than the ALJ's decision may suggest, there remains ample contradiction to Dr. Alia's opinion in other parts of the record such that the ALJ may reasonably discredit the opinion. To the extent that the ALJ overstated inconsistency, it is a harmless error. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (finding an ALJ's error, if any indeed existed, was inconsequential to the ultimate nondisability determination.)

## B.    Symptom Testimony

Plaintiff next argues that the ALJ erred in rejecting his symptom testimony without providing clear and convincing reasons. (Doc. 12 at 19.)

An ALJ employs a two-step process in evaluating a claimant's symptom testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ considers whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). Then, provided no evidence of malingering exists, the ALJ must evaluate the claimant's statements in the context of the objective medical evidence and other evidence in the record. *See* 20 C.F.R. § 404.1529(c)(2)-(3). At this step, "the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15 (internal quotation marks omitted). This requirement prevents an ALJ from

"arbitrarily discredit[ing]" the claimant's subjective symptom testimony. *Thomas*, 278 F.3d at 958. Despite the "clear and convincing standard [being] the most demanding required in Social Security cases," *Garrison*, 759 F.3d at 1015 (cleaned up), the ALJ need not "believe every allegation of disabling pain." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Instead, when assessing the claimant's credibility, the ALJ may consider "inconsistencies either in [the] claimant's testimony or between his testimony and his conduct, claimant's daily activities, claimant's work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [the] claimant complains." *Thomas*, 278 F.3d at 958-59 (cleaned up). Should the district court find that the ALJ's specific, clear, and convincing reasons are supported by substantial evidence, the court must not second guess the ALJ's judgment and should affirm the ALJ's decision. *See Fair*, 885 F.2d at 604.

Here, in evaluating Plaintiff's testimony, the ALJ appropriately followed the prescribed two-step analysis. At step one, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." (A.R. at 19.) At step two, the ALJ found that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of [Plaintiff's] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*)

The ALJ's reasoning for discrediting Plaintiff's symptom testimony is readily discernable and supported by the record. First, the ALJ noted what symptoms Plaintiff alleged through a function report and exertional activities report. These alleged symptoms consist of "difficulty lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, climbing stairs, completing tasks, concentrating, using his hands, and getting along with others." (*Id.* at 18-19.) In sum, Plaintiff alleged diffuse symptoms which seemingly would affect general mobility. Next, the ALJ noted that the objective medical evidence did not support Plaintiff's alleged symptoms. (*Id.* at 19.) Finally, the ALJ proceeded to review Plaintiff's medical history, making note of where the record demonstrated findings of normal range of motion in the extremities or ease of movement.

(*Id.* at 19-20; *see also* A.R. at 680, 688-89, 1123-33,1237-42,) While the ALJ did not put a fine point on the matter, the upshot is clear—the ALJ found consistent clinical findings which contradicted the Plaintiff's symptom testimony.

Plaintiff further argues that the ALJ's reference to an isolated instance of medication providing relief could not substantiate the ALJ's decision to discredit symptom testimony. (Doc. 12 at 21-22). In evaluating Plaintiff's symptom testimony, the ALJ considered "the nature, location, onset, duration, frequency, radiation, and intensity of the claimant's pain as well as precipitating and aggravating factors; the type, dosage, effectiveness, and adverse side effects of any pain medication; other treatment, other than medication, for relief of pain; functional restrictions, and the claimant's daily activities." (A.R. at 19.) As Plaintiff identifies, the ALJ did refer to a medical visit documenting "great relief" of back pain. (*Id.* at 20.) Whether this sole medical report is sufficient to discredit symptom testimony need not be answered because the ALJ had other sufficient reasons to do so.

The ALJ provided reasoning for discrediting the Plaintiff's symptom testimony that was supported by substantial evidence. The Court therefore will not disturb the ALJ's conclusion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) ("If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing." (citation omitted)).

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED affirming** the March 29, 2022 decision by the Administrative Law Judge and the Commissioner of the Social Security Administration (A.R. at 13-23).

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 2nd day of May, 2024.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge